IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) |
| MICHAEL F. HARRIS, | ) CRIMINAL NUMBER: 3:12:CR170 ) HON. HENRY E. HUDSON ) |
| DEFENDANT. | ) ) ) ) |

## MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
## FROM PREVIOUSLY DISMISSED COUNTS

Defendant Michael F. Harris ("Mr. Harris"), by counsel, hereby moves the Court *in limine*

to exclude certain evidence related to Counts I and II of the Indictment [Doc. No. 3], which were

dismissed on January 29, 2013 [Doc. No. 34]. Specifically, Mr. Harris moves to exclude evidence

under Fed. R. Evid 403 of: (1) any purported misrepresentations made to T.M. or his associates

M.B. and S.B. (former Count I); and (2) any purported misrepresentations made to D.W. (former

Count II). In support of his Motion, Mr. Harris states as follows.

### ARGUMENT

**1.      Applicable standard.**

Evidence is only relevant if it has a "tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. 401. In a criminal trial, the propositions that are "of

consequence to the determination of the action" are the elements of the crime charged. *See United States v. Hernandez*, 975 F.2d 1035, 1039 (4th Cir. 1992) (defining relevance as "sufficiently related to charged offenses"); *see also United States v. Hall*, 653 F.2d 1002, 1005-06 (5th Cir. 1981) ("Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law. . . . The governing hypothesis of any criminal prosecution consists of the elements of the offenses charged.")

Relevant evidence should be excluded under Fed. R. Evid. 403 when "'there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" *Hernandez*, 975 F.2d at 1041, *citing United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980); *see also* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

## 2.     Evidence relating to Count I should be excluded as unduly prejudicial under Rule 403.

As noted above, Count I was dismissed on January 15, 2013. [*See* Doc. Nos. 28, 33, and 34]. Count I related to an alleged investment of $200,000.00 by T.M. in 2006. *See* Indictment, ¶ 10(a). During the time period of this investment, Mr. Harris allegedly promised T.M. and two of his associates that, once a Phase Two trial of his treatment began in Europe, they would become three of the trial participants.  After T.M. passed away, his brother, J.M. sought replacement stock certificates evidencing T.M.'s investment. *Id*. at ¶ 10(b).  Mr. Harris initially rebuffed J.M., citing the non-transferability provision in the issued stock certificates, but ultimately acquiesced after

confirming that J.M. did not seek the shares on his own behalf, and issued new shares to T.M.'s estate. *Id*. at ¶ 10(b)-(c).

Currently, the only remaining charged offense even tangentially related to Count I is a wire fraud count (Count V), which addresses only communications between Mr. Harris and J.M. *Id*. at ¶ 18. Thus, any alleged misrepresentations made to T.M. or his associates prior to or near the time of purchase are not relevant to proving the specific wire fraud conduct alleged in Count V.

Evidence of alleged misrepresentations to T.M. or his associates is similar to evidence the Fourth Circuit held was properly excluded in *Hernandez*. In *Hernandez*, the Fourth Circuit reversed the district court's decision to admit statements a defendant made about her crack cocaine "recipe" and prior sales she made in New York at a trial relating to sales made years later in Washington, D.C. *See Hernandez*, 975 F.2d at 1041. The court held that "the probative value of the evidence is slight," because it was "in no way connected to the cocaine she is charged with conspiring to sell in this case." *Id*. Instead, the evidence offered "was to bolster" a Government witness' testimony "by depicting [the defendant] as an experienced crack dealer." *Id*. As the court explained, "this is precisely the effect Rule[] 403 . . . seek[s] to avoid." *Id.*

The evidence Mr. Harris seeks to exclude here related to Count I presents an even greater danger than the evidence in *Hernandez*. Not only does this evidence lack any probative value to the remaining charged offenses, but it carries a grave risk of distracting and ultimately inflaming the jury's emotion against Mr. Harris. Under such circumstances, evidence is properly excluded under Rule 403. *United States v. Reevey*, 364 F.3d 151, 158 (4th Cir. 2004) (affirming district court's decision to exclude evidence offered by defense of a shooting incident subsequent to charged offenses in order to discredit testifying officers, because "the [charged] offenses were completed

before the shooting incident occurred" and the evidence "may have confused the issues or misled the jury.").

The Government likely intends to present evidence relating to purported misrepresentations made by Mr. Harris to T.M. during several conversations and meetings that occurred in 2006, which eventually led to T.M.'s investment of $200,000 in Mr. Harris' company. *See* Indictment, ¶ 10(a). As an initial matter, this time-barred alleged offense was dismissed for a reason: "to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie v. United States*, 397 U.S. 112, 114-15 (1970). Thus, the nearly seven year gap between any alleged misrepresentation and trial already dramatically limits any probative value of this evidence.

Even worse, the only witness at these 2006 conversations and meetings who invested with Mr. Harris – T.M. himself – has passed away. While the Government apparently intends to elicit testimony from one or more other witnesses present during at least some of the 2006 meetings, *see, e.g.*, United States' Response to Defendant's Motion to Dismiss [Doc. No. 23] at 4-5, none of these other witnesses invested in the company, and thus would not have been as attentive to the investment-related topics discussed. Moreover, these witnesses cannot testify with certainty that they witnessed all conversations and meetings between Mr. Harris and T.M., and therefore, cannot provide the jury with anything approaching a full picture of the representations made to T.M. prior to his investment.

While the reliability of this stale, second-hand testimony is extremely low, the chance of undue prejudice is high. The jury may be left with the impression that Mr. Harris is still on trial for

misrepresentations from 2006, even though Count I has been dismissed. Further, as these purported misrepresentations are "in no way connected to" the offenses with which Mr. Harris currently stands charged, presenting this unreliable evidence of prior conduct would produce "precisely the effect Rule[] 403 . . . seek[s] to avoid." *Hernandez*, 975 F.2d at 1041; *see also United States v. Ricks*, 882 F.2d 885, 891 (4th Cir. 1989) (affirming exclusion of evidence of acts committed by a third party occurring prior to charged offense that were offered by the defense to show third party alone conducted the charged drug conspiracy, because probative value of evidence to charged offenses was low and proper presentation of evidence would have required a mini-trial on an uncharged offense). This evidence, therefore, should be excluded under Rule 403.

Reference to purported misrepresentations to T.M. would likely also lead to testimony on statements made regarding witness' participation in a Phase Two trial, which involved testing of the AIDs treatment at issue. These representations regarding the Phase Two trial are not even mentioned in the Indictment, and do not serve as a basis either of any individual count, or the overall scheme at issue here. Ultimately, the Phase Two trial did not occur, and while awaiting the start of the Phase Two trial, T.M. passed away under suspicious circumstances unrelated to his illness. Testimony on any alleged promises relating to the Phase Two trial would improperly lead to a case-within-a case over the progress and efforts to begin a Phase Two trial and why those efforts ultimately failed, when such conduct is not part of any charged offense. *See United States v. Hill*, 322 F.3d 301, 306 (4th Cir. 2003) (documentary evidence offered by defendant of similarly, purportedly innocent arrangements to the charged money laundering offenses were properly excluded under Rule 403 where "[t]o have admitted these documents would have necessitated an exhaustive case within a case that would have confused the jury as to the issues to be decided.").

Moreover, without further information, the jury may be left with the highly prejudicial impression that Mr. Harris enticed T.M. with promises of an AIDS treatment, only to have T.M. die of AIDS while awaiting the Phase Two trial. This impression would leave Mr. Harris with an unenviable Catch-22: either ignore it entirely, or elicit testimony on the true nature of T.M.'s death, which was not only tragic and suspicious, but is likely to garner sympathy for Government witnesses such as T.M.'s brother, J.M., and T.M.'s two associates, both of whom were T.M.'s former lovers.

In short, admitting evidence relating to alleged misrepresentations from 2006, which would have served as the basis of the now dismissed Count I of the Indictment, would lead to juror confusion over the acts for which Mr. Harris is on trial, and inject a prejudicial emotional element that is wholly unnecessary for the Government to prove its case on the remaining charged offenses. This undue prejudice thus would come in exchange for scant, if any, probative value, and the evidence should be excluded under Rule 403.

**3.      Evidence relating to Count II is also unduly prejudicial.**

Dismissed Count II of the Indictment relates to an alleged investor, D.W. Indictment, ¶ 12. D.W. allegedly invested $10,000.00 in MFH in September 2007. *Id.* Mr. Harris is not charged with any other fraudulent acts related to D.W. This evidence, therefore, is even further removed from any other charged offense than the unduly prejudicial evidence from Count I. This evidence also carries the same lack of reliability due to the passage of time, and the same risk of juror confusion regarding whether the conduct relates to an indicted offense. For these reasons, as already addressed in Part II, *supra*, even if evidence related to Count II was otherwise admissible, it should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, Defendant Michael F. Harris respectfully requests that the Court exclude evidence of (1) any purported misrepresentations made to T.M. or his associates (former Count I); and (2) any purported misrepresentations made to D.W. (former Count II).

**Respectfully submitted,**

  /s/ Robert J. Wagner
Robert J. Wagner (VSB No. 27493)
Office of the Federal Public Defender
701 E. Broad St., Suite 3600
Richmond, Virginia  23219
Telephone:  (804) 565-0808
Facsimile:  (804) 648-5033
Robert_Wagner@fd.org

  /s/ Nicholas R. Klaiber
Nicholas R. Klaiber (VSB No. 80563)
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1467
Facsimile: (804) 698-6017
nicholas.klaiber@troutmansanders.com

*Counsel for Defendant*
*Michael F. Harris*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of February, 2013, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification to the following

counsel:

Michael R. Gill
Assistant United States Attorney
United States Department of Justice
mike.gill@usdoj.gov

Gauhar R. Naseem
Special Assistant United States Attorney
Virginia State Corporation Commission
gauhar.naseem@scc.virginia.gov


_____/s/_____
Robert J. Wagner

Robert J. Wagner
VA Bar No. 27493
Office of the Federal Public Defender
710 E. Broad Street, Suite 3600
Richmond, Virginia  23219
804.565.0808
804.648.5033 (fax)
robert_wagner@fd.org